UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
FOSTER THOMPSON,                                    :
                                                    :
                              Petitioner,           :
                                                    :            **ORDER**
            -against-                               :      20 Civ. 5805 (DG) (VMS)
                                                    :
SUPERINTENDENT, SING SING                           :
CORRECTIONAL FACILITY,                              :
                                                    :
                              Respondent.           :
                                                    :
---------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

Petitioner Foster Thompson brings a habeas petition pursuant to 28 U.S.C. § 2254.  See

ECF No. 1.  Before this Court is Petitioner's motion to compel Respondent to produce certain

state-court trial transcripts in discovery or as part of the State Court Record relevant to

Petitioner's petition.  See ECF No. 22.  For the reasons that follow, Petitioner's motion is denied.

## I.     Factual Summary

The following factual summary is derived from the motion submissions and record as

cited.

In 1992, two individuals robbed a "drug den."  See ECF No. 9 at 1, 10; ECF No. 11 ¶ 4.

Cynthia Browning and Alton Staley were shot during the robbery, and Ms. Browning died.  See

id.  Petitioner and Gilbert Franklin were arrested and charged with related offenses.  See ECF

No. 9 at 1, 10.  In June 1994, Petitioner and Mr. Franklin were jointly tried; the jury deadlocked

and the court declared a mistrial ("Petitioner and Mr. Franklin's joint June 1994 mistrial").  See

ECF No. 23.  The People's evidence at Petitioner and Mr. Franklin's joint June 1994 mistrial

included the testimony of Mr. Staley, Denise Concepcion, Stephen Garzone and Tony Jimenez.

See id.  Petitioner and Mr. Franklin were thereafter tried separately, and, in August 1994, Mr.

1

Franklin was convicted at trial of offenses relating to the robbery ("Mr. Franklin's August 1994 conviction trial"). <u>See id.</u> The Court will hereinafter collectively refer to the transcripts of Petitioner and Mr. Franklin's joint June 1994 mistrial and Mr. Franklin's August 1994 conviction trial as the "Earlier Trial Transcripts."

In December 1994, Petitioner was convicted at trial of offenses relating to the robbery, including murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second and third degrees ("Petitioner's December 1994 conviction trial"). <u>See id.</u>[1] The Court will hereinafter refer to the transcript of Petitioner's December 1994 conviction trial as the "Conviction Trial Transcript."

The People's evidence at Petitioner's December 1994 conviction trial included the testimony of Mr. Staley, Ms. Concepcion and other witnesses who had also been witnesses at Petitioner and Mr. Franklin's joint June 1994 mistrial, but not testimony from other witnesses such as Mr. Garzone or Mr. Jimenez. <u>See id.</u>

In the 1990s, Petitioner unsuccessfully appealed his convictions. <u>See</u> ECF No. 1. He also filed a federal habeas petition which was denied without prejudice. <u>See id.</u>

In the 2000s, Petitioner's counsel and others investigated facts regarding the robbery and Petitioner's prosecution and trial. <u>See</u> ECF No. 9 at 1-9. For the purpose of this discovery motion, it is sufficient to summarize that Petitioner alleges in his habeas petition that this investigation uncovered new evidence of his actual innocence, including third-party statements

---

[1] Although Petitioner may have had a second mistrial after the severance of his prosecution from Mr. Franklin's, the declaration of a mistrial apparently occurred during jury selection, and he does not seek transcripts therefrom. <u>See</u> ECF No. 19-1 at 5569 ("[Petitioner's] first separate trial ended in a mistrial."); ECF No. at 6:4-5 ("The second trial ended at jury selection. So I think what we're really talking about is the first just that first trial.").

2

that others may have committed the robbery, and that Petitioner and Mr. Franklin are innocent.

See id.  According to Petitioner, the investigation also revealed evidence of prosecutorial

misconduct and evidence tampering.  See id.

      Petitioner filed a motion to vacate his conviction pursuant to Section 440.10 of New York

Criminal Procedure Law.  See ECF No. 9 at 16-20.  As relevant here, the People's response to

Petitioner's Section 440.10 motion included excerpts from the testimony given by Mr. Staley,

Ms. Concepcion and other witnesses at Petitioner and Mr. Franklin's joint June 1994 mistrial.

See ECF No. 19 at 4534 ¶ 6, 4571-4811 (Staley testimony), 4812-4999 (Concepcion testimony),

5001-5034 (Garzone testimony), 5026-5183 (Jimenez testimony).  Petitioner sought full sets of

the Earlier Trial Transcripts in discovery during the Section 440.10 motion proceedings, but his

request was denied.  See ECF No. 27 at 4:4-5:12, 14:12-17; id. at 4:15-16 ("[Petitioner's

counsel:]  We tried to raise this issue in a court below and were not given access to those

records.").  Petitioner hopes that there may be material from these witnesses in the Earlier Trial

Transcripts that is potentially relevant to his actual-innocence claim and that would corroborate

his version of events as suggested by his newly discovered evidence.  See id. at 5:13-18 ("I think

it goes to the component of our actual innocence claim[.]"), 7:24-8:14 (Petitioner's counsel

explaining his theory that, among other things, certain testimony from a witness at Petitioner and

Mr. Franklin's joint June 1994 mistrial who was not called back to testify at Petitioner's

December 1994 conviction trial could "corroborate the version of the facts that we have now"),

8:8-23 ("The Court:  [O]ther than that you think the evidence may be evidence of . . . actual

innocence, is there any other reason why [the Court] should consider . . . expanding the state

court record as it relates to the conviction?  [Petitioner's counsel]:  No, Your Honor, I think,

understands the issue fully. . . .  This is my client's last opportunity to really explore the evidence

against him."), 14:18-21 (Petitioner's counsel arguing that the transcripts sought pertain to actual-innocence claim).  Despite this optimism, after receiving the adverse ruling in the Section 440.10 proceeding, Petitioner did not move for the material again or appeal this issue.  See id. at 4:4-5:12, 14:12-17; id. at 5:3-6 ("[The Court:]  Did you re-raise the point?  Once the Government had relied on the transcripts [in the Section 440.10 proceeding], did you – [Petitioner's Counsel:] I did not.").  It is thus undisputed that the entirety of the Earlier Trial Transcripts was not part of the Section 440.10 record before the state court that adjudicated Petitioner's Section 440.10 motion.  See id. at 17:10-11 ("[Petitioner's Counsel:]  Th[e] items were not considered by the 440 court.  They were not considered on direct appeal.").

The state court denied Petitioner's Section 440.10 motion.  See ECF No. 9 at 16-33. Leave to appeal was denied.  See id. at 33.  The Court will hereinafter refer to the record before the state court which adjudicated Petitioner's Section 440.10 motion as the "Section 440.10 Record," and the Court will hereinafter collectively refer to the records before the state courts adjudicating Petitioner's appeals and post-conviction motions as the "Appellate and Post-Conviction Records."

## II.    Procedural History

In connection with Petitioner's instant Section 2254 habeas petition, see ECF Nos. 1, 9, the Court issued an Order directing Respondent to file his answer and the State Court Record ("SCR"), which

> shall include copies of the trial transcript, State court briefs and supporting papers
> of both the People and defendant on direct appeal and on any post-trial motions or
> motions brought in any collateral proceeding, and on any appeal of such motions,
> as well as copies of any orders disposing of any motions, or a sworn detailed
> statement as to why all of these documents are not being submitted.

ECF No. 4 ¶ 3.  The Court will hereinafter refer to the Order as the "SCR Order."

Respondent thereafter filed his answer accompanied by 75 pages excerpted from the Section 440.10 Record.  See ECF No. 11.  According to Respondent, he provided the Section 440.10 Record excerpts "[t]o assist the Court" but argued that Petitioner was required to file the Conviction Trial Transcript and Appellate and Post-Conviction Records in full "[b]ecause [P]etitioner is the party seeking relief and bears the burden of proof."  Id. ¶ 43.

Petitioner filed a pre-motion conference letter motion arguing that Respondent had failed to comply with the SCR Order by filing only excerpts from the Section 440.10 Record and requested that the Court compel Respondent to comply with the SCR Order.  See ECF No. 13. Petitioner also argued that the SCR Order should be construed to require Respondent to file all Earlier Trial Transcripts in their entirety because Petitioner had failed to obtain a complete set of them through Freedom of Information Law ("FOIL") requests he had made to the Richmond County District Attorney's Office ("RCDAO").[2]  See id.  Noting that Respondent had relied upon the excerpted testimony of one or more of the witnesses from Petitioner and Mr. Franklin's joint June 1994 mistrial in the state Section 440.10 motion proceedings as well as in Respondent's habeas opposition, Petitioner argued that fairness required that Respondent file the Earlier Trial Transcripts in their entirety as part of the SCR here.  See id. at 2.

Respondent opposed Petitioner's motion.  See ECF No. 14.  Among other things, Respondent argued that the SCR should not be construed as including the full Earlier Trial Transcripts because they had not been submitted in their entirety to the state courts adjudicating Petitioner's appeals and post-conviction motions.  See id.  To the extent that Petitioner's motion could be construed as one for Section 2254 discovery, Respondent argued that the motion should

---

[2] The record does not show that Petitioner exhausted appeals of this FOIL denial.

be denied because it sought material beyond the Appellate and Post-Conviction Records that the Court needed to adjudicate Petitioner's requested habeas review. See id.

Petitioner's reply to Respondent's answer was accompanied by a letter reiterating Petitioner's view that the Court should resolve the parties' dispute regarding the SCR Order by compelling Respondent to file the Conviction Trial Transcript, the Appellate and Post-Conviction Records and also the Earlier Trial Transcripts in their entirety as the SCR. See ECF Nos. 15, 17.

In an Order dated November 3, 2021, the Court denied Petitioner's motion for a pre-motion conference regarding the SCR Order. See Dkt. Entry 11/3/2021. The Court stated that it "reviewed the parties' pre-motion letters and has determined that a pre-motion conference is not necessary. The Court's [SCR Order] directed Respondent to file the [SCR]. Respondent has failed to comply with [the SCR] Order." Id. The Court then directed Respondent's compliance and added that "[i]f the parties wish to submit additional briefing" following Respondent's filing of the SCR, they could jointly propose a schedule for such briefing. Id. In denying Petitioner's motion for the pre-motion conference, the Court did not specifically address whether it construed the SCR Order as requiring Respondent to file the entirety of the Earlier Trial Transcripts as part of the SCR. See id.

Respondent responded by filing 5,645 pages of material—the Conviction Trial Transcript and the Appellate and Post-Conviction Records—which he represented was the record before the state courts which adjudicated Petitioner's appeals and post-judgment motions. ECF No. 19; see ECF No. 20. Respondent noted but disagreed with Petitioner's position that the SCR Order also required the filing of the Earlier Trial Transcripts in their entirety as part of the SCR. See ECF No. 19.

### III.   Petitioner's Instant Motion To Compel

Petitioner filed the instant motion to compel Respondent to submit the Earlier Trial Transcripts in full as part of the SCR.  See ECF No. 22.  Petitioner argues that Respondent's omission of the Earlier Trial Transcripts "was not surprising since the [RCDAO] has refused to disclose these transcripts to [Petitioner] for years, even when prosecutors relied on the select portions of those transcripts in their response to [Petitioner's] § 440 motion in litigation before [the state court]."  Id.  According to Petitioner, the Earlier Trial Transcripts "are a necessary part of the [SCR] for consideration of the matters raised by [Petitioner's] herein Petition."  Id.  "They provide an opportunity to fairly and completely review the credibility of the evidence and witnesses that were relied on by the prosecution" in Petitioner's December 1994 conviction trial. Id.  Petitioner also argues that Respondent "would not be prejudiced by the production of the [Earlier Trial T]ranscripts, which are in [his] sole possession and readily available."  Id.

Respondent opposed, arguing that Petitioner's request for discovery of the full Earlier Trial Transcripts should be denied because "review under § 2254(d) is to be limited to the record before the state court," and the transcripts sought were not a part of the state court record.  ECF No. 23 (citations omitted).

The Court heard the parties' arguments and granted the parties' leave to supplement the motion record, which they subsequently did.  See Dkt. Entry 1/27/2022; ECF Nos. 25-26.

### IV.   Discussion

"As relevant here, both Congress and federal habeas courts have set out strict rules requiring prisoners to raise all of their federal claims in state court before seeking federal relief." Shinn v. Ramirez, 142 S. Ct. 1718, 1731-32 (2022).  First, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires state prisoners to exhaust the remedies available in state court before seeking federal relief, ordinarily "by raising his federal claim before the state

courts in accordance with state procedures." Id. at 1732 (citing 28 U.S.C. § 2254(b)(1)(A)).  "If he does so, a federal habeas court may hear his claim, but its review is highly circumscribed." Id.  "In particular, the federal court may review the claim based solely on the state-court record." Id. (citing Cullen v. Pinholster, 563 U.S. 170, 180 (2011)).  "[T]he prisoner must demonstrate that, under th[e Supreme] Court's precedents, no fairminded jurist could have reached the same judgment as the state court[.]"  Shinn, 142 S. Ct. at 1732 (internal citations & quotations omitted).  "[C]ases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did."  Pinholster, 563 U.S. at 182.  Stated differently, exhaustion affords States "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights[.]"  Shinn, 142 S. Ct. at 1732 (quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Courts have discretion pursuant to Rule 6(a) of the Rules Governing § 2254 Cases to permit discovery upon the petitioner's showing of good cause, if specific allegations demonstrate a potential entitlement to relief.  See Drake v. Portuondo, 321 F.3d 338, 345 (2d Cir. 2003) (quoting Bracy v. Gramley, 420 U.S. 899, 908-09 (1997)); Hirschfield v. Comm'r of the Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003).  The requirement that the petitioner show good cause through specific allegations reflects that "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'"  Ruine v. Walsh, No. 00 Civ. 3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005) (quoting Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)).

It is undisputed that the state court adjudicating Petitioner's actual-innocence claim in the Section 440.10 proceeding did so on a record that did not contain the Earlier Trial Transcripts in their entirety, in part due to Petitioner's lack of success in obtaining them in discovery while in state court or through independent efforts such as purchasing the transcripts himself.  See, e.g., ECF No. 1 ¶ 12; ECF No. 9 at Statement of Facts and Procedural History, §§ G-H; id. at Point II; ECF No. 19-12 at 5568-5604; Section III, supra.  Although Petitioner moved in state court for the documents to be produced and was denied, Petitioner did not appeal this ruling such that he cannot now claim that ruling was in error or expand the record via federal discovery.  "Since the Court cannot consider any evidence that [the Petitioner] might obtain through discovery in evaluating his habeas petition, [the Petitioner] has not shown that discovery would allow him to demonstrate that he is entitled to relief."  Olsen v. Doldo, No. 16 Civ. 5366 (RA), 2017 WL 1422431, at *4 (S.D.N.Y. Apr. 20, 2017); see, e.g., Davis v. Bobby, No. 10 Civ. 107 (KAJ), 2017 WL 2544083, at *3 (S.D. Ohio June 13, 2017) ("How can good cause exist to conduct discovery that, as a matter of law, cannot be used?  Put simply, unusable evidence cannot lead to relief."); cf. Jackson v. Conway, 763 F.3d 115, 152 (2d Cir. 2014) ("[W]here a district court relies on extra-state court record facts to grant habeas relief, we might ordinarily remand for a properly limited review[.]") (citations & internal quotations omitted).

Even if the Court's review were able to take into account a supplemented state-court record, Petitioner argues without specific evidence that he seeks the transcripts from the earlier trials to "explore" how their content might corroborate his actual-innocence habeas argument from the newly discovered evidence.  See ECF No. 27 at 8:22-23 ("This is my client's last opportunity to really explore the evidence against him."); Section III, supra.  This is the sort of fishing expedition that discovery pursuant to Rule 6(a) does not permit.  See Kovalsky v. Lilley,

No. 21 Civ. 602 (NSR) (AEK), 2021 WL 4909966, at *2 (S.D.N.Y. Oct. 21, 2021) ("[A] petitioner cannot establish 'good cause' for discovery in a habeas case where the requested discovery seems to relate only to alternative strategies that he may now wish to have pursued."); Abdi v. Duke, 292 F. Supp. 3d 592, 594 (W.D.N.Y. 2017) (denying the petitioner's motion for discovery because "[i]t is not enough to simply surmise that the [records] exist and that they may be relevant"); Armatullo v. Taylor, No. 04 Civ. 5357 (JSR) (GWG), 2005 WL 2386093, at *21 (S.D.N.Y. Sept. 28, 2005) ("[The petitioner's] personal belief that further discovery will yield evidence helpful to him is not enough to establish 'good cause' to grant his requests."); Renis v. Thomas, No. 02 Civ. 9256 (DAB), 2003 WL 22358799, at *2 (S.D.N.Y. Oct. 16, 2003) ("Generalized statements regarding the possibility of the existence of discoverable material cannot yield 'good cause.'"); Hirschfeld, 215 F.R.D. at 465 ("The [c]ourt may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas petition."); Charles, 21 F. Supp. 2d at 169 (denying the petitioner's discovery motion where his "stated purpose is merely to determine whether the requested items contain any grounds that might support his petition").  "When the petitioner provides no specific evidence that the requested material would support his or her habeas corpus petition, courts will exercise their discretion to deny a discovery request."  Terry v. Conway, No. 11 Civ. 2647 (RRM), 2012 WL 4368746, at *2 (E.D.N.Y. Sept. 22, 2012).

Petitioner further argues that Respondent should be required to produce the Earlier Trial Transcripts in their entirety because, according to Petitioner, the Court's Order dated November 3, 2021, adopted Petitioner's view that the SCR included all Earlier Trial Transcripts in their entirety.  See ECF No. 25.  The Court disagrees.  The Court's Order denied Petitioner's motion for a pre-motion conference in which Petitioner argued that the SCR Order required Respondent

to file the Earlier Trial Transcripts in their entirety.  See Dkt. Entry 11/3/2021.  On its face, the

Order dated November 3, 2021, required Respondent—who at the time had only filed excerpts of

the Section 440.10 Record with its answer—to file copies of a "trial transcript" and any others

only to the extent that they had previously been included in the parties' appellate and post-

conviction motion briefs and supporting papers.  See id.; ECF No. 4 ¶ 3.[3]

## V.    Conclusion

In light of the foregoing, Petitioner's motion to compel Respondent to submit the full

transcripts for earlier trials is denied.  See ECF No. 22.

Dated:  Brooklyn, New York
        June 17, 2022

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge

---

[3] Rule 5(c) of the Rules Governing § 2254 Cases addresses a respondent's obligations to attach records to the answer.  See Zelaya v. New York, No. 19 Civ. 7140 (RRM), 2021 WL 1210352, at *2 (E.D.N.Y. Mar. 31, 2021).  "However, 'Rule 5 serves to assist the court, not the petitioner,'" and the "rule does not empower a petitioner to compel production of transcripts for their personal legal use."  Id. (quoting Monko v. Senkowski, No. 97 Civ. 2895 (DRH) (ARL), 2009 WL 10441652, at *2 (E.D.N.Y. July 6, 2009)).  Although Respondent did not submit the full transcripts from the earlier trials, his "submissions suffice to allow the Court to adjudicate [the petitioner's] claims, and [the petitioner] does not have any further right to state-court transcripts or their translations."  Zelaya, 2021 WL 1210352, at *2 ("The State has fully complied with Rule 5(c) by submitting those portions of the trial transcripts relevant to the petition.").